The opinion of the Court was delivered by
Johnston, Ch.
It appears to me, that the construction of the will adopted by the Chancellor, is well sustained by its terms, and recognized principles of interpretation.
*123 It is true that specific devises or legacies, made without condition, are not to be abridged by the context of the will, nor by subsequent clauses, when these are doubtful, or can be reconciled with them. But, it is equally true that the construction is to be made from the whole instrument: and, in the case of wills, when there is a conflict between prior and subsequent clauses, so that the latter cannot be executed without infringing on the former, the latter must prevail.
In this case the testator, in the first part of his will apportions specifically among his children by name, thirty-one slaves, and devises a tract of seven hundred and eighty acres of land to his son Samuel: and then declares that “ it is my will that all my land, not hereinbefore named to my son Samuel, be equally divided between my four sons, share and share alike.” It is very clear that if there were nothing further in the will, the legatees and devisees of these negroes and lands would have been entitled to the immediate possession of the property.
But when the testator subsequently directs that “ all the rest,” &e., “ of .my personal estate, goods and chattels,” “ remain on the plantation until the youngest child arrives at the age of twenty-one,” and be then divided; and “that the plantation be kept up, as in my lifetime, by my executors,” “the executors not to be accountable to the children for anything made, by the negroes, on the plantation it is pretty clear that he has said enough to disturb the right of immediate enjoyment arising to the specific legatees and devisees under the prior parts of the will.
The property is to be kept on the plantation, and the plantation is to be kept up as it was in his lifetime. But all the land had been devised away, and if the devisees were to take immediate possession of it, how could the property be kept on it, and the plantation kept up as the testator had kept it ?
There are several other minor parts of the context which might be observed upon, all tending to the construction adopted *124 by the Chancellor: but it seems unnecessary to comment on them.
It is ordered that the decree be affirmed, and the appeal dismissed.
DuNKiN and DaRGAN, CC., concurred.

Decree affirmed.